**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

TIMOTHY R. HOTT, ESQ.
LAW OFFICES OF TIMOTHY R. HOTT, P.C.
100 Challenger Rd. Ste 402
Ridgefield Park, New Jersey 07660
Telephone (201) 994-0400; Fax: (201) 994-0401
Email: TimHott@Gmail.com (NJ Bar 015401974)
(TH 6729)
Attorney for Plaintiffs

| | |
|---|---|
| TEAMSTERS LOCAL 469 WELFARE FUND AND THE BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 469 WELFARE FUND AND TEAMSTERS LOCAL UNION NO. 469, <br><br> *Plaintiff(s)* <br><br> vs. <br><br> TRAP ROCK INDUSTRIES, INC., <br> 4415 New Jersey Route 27 <br> Princeton, NJ 08540 <br> *Defendant(s)* | CIVIL ACTION <br><br> CIVIL ACTION NO. |

Plaintiffs Teamsters Local 469 Welfare Fund and Teamsters Local Union No. 469 by way of complaint against the Defendant say:

## THE PARTIES

1. Plaintiffs, Teamsters Local 469 Welfare Fund and its Board of Trustees, (hereinafter referred to as Plaintiff Fund or Fund) is a non-profit employee fringe benefit organizations consisting of employee and employer trustees within the meaning of Section 3(1),(2),(3), and (21), 405 [c] (1) (B) and 502

of the Employee Retirement Income Security Act of 1974 (ERISA) [29 U.S.C. 1002 (1) (2) (3) and (21 and 29 U.S.C. 1109 [c] (1) (B), and 29 U.S.C. 1132], and as amended, and 29 U.S.C. 18B [c] (5) (B) and bring this action on behalf of said trustees and the participants and beneficiaries of said trust Fund.  The plaintiff Fund maintains its principal place of business at 3400 Highway 35, Suite #8, Hazlet, Monmouth County, New Jersey. Teamsters Local Union No.469, is an unincorporated labor organization (hereinafter referred as Union).  The Union maintains its principal place of business at 3400 Highway 35, Suite #7, Hazlet, Monmouth County, New Jersey.

2. Defendant, TRAP ROCK INDUSTRIES, INC., with its primary place of business in New Jersey located at 4415 New Jersey Route 27, Princeton, Mercer County, New Jersey 08540, to the best of plaintiffs' knowledge, information and belief is a New Jersey corporation. Said defendant is an employer within the meaning of statutes referenced in paragraph #1 above. At the times relevant to the within matter and claim it employed employees who were exclusively represented for collective bargaining purposes by plaintiff Teamsters Local 469 pursuant to a written collective bargaining agreement governing terms and conditions of said employees.

## JURISDICTION

3. This matter arises under laws of the United States having their own jurisdictional requirements conferred on this Court by 29 U.S.C. 185 [Section

2

301 of the Labor Management Relations Act], 29 U.S.C. 1001 et seq. [ERISA of 1974] 29 U.S.C. 1131 amended, 29 U.S.C. 1132 [ERISA Sec. 502]. Plaintiff Fund is aggrieved and damaged by Defendant's violations and breaches of the Collective Bargaining Agreements and of Agreement and Declaration of Trust establishing plaintiff Fund and of the Benefit Plan of said Trust entered into by and between Defendant and plaintiff Union and Fund and the Defendant's failure to abide by its contractual obligations to make certain payments to said Funds on behalf of and for the benefit of employees of Defendant.

## FIRST COUNT

4. During the time that Defendant was a contributing employer to the Fund, the Fund caused to be performed a contribution compliance audit of the books and records of Defendant and as provided for in the referenced trust agreement of the Fund.

5. Said contribution compliance audit was conducted by auditors employed by the Fund and was done in or about the month of November, 2013.

6. As a result of the referenced contribution compliance audit the auditors for the Fund found that Defendant owed certain sums to the Fund as a result of under payments made by Defendant to the Fund of the amounts due under the collective bargaining agreement between the parties.

7. Notwithstanding the Fund's demand for payment of the audit shortage Defendant refused to pay the audit shortage of $1,147.60.

8. Defendant has no defenses to this audit shortage.

9. The Fund has suffered damages of $1,147.60 plus interest as a result of Defendant's

unlawful refusal to pay to the Fund the amount owed on said audit.

10. In accordance with 29 U.S.C. 1132(g)(2) the Fund is entitled to an award of interest, attorney's fees, costs and liquidated damages for refusing to pay the sum found to be due and owing from Defendant to the Fund.

WHEREFORE, Teamsters Local 469 Welfare Fund and its Board of Trustees thereof demand judgment in their favor and against Defendant as follows:

a. For the sum of $1,147.60 for the unpaid balance owed to the The Fund as a result of the contribution compliance audit of Defendant's books and records;

b. Interest on the principal sum due at the rate of 18% in accordance with the Trust Agreement of the Plaintiff Fund;

c. Liquidated damages of 20% of the principal debt in accordance with the Trust Agreement of the Plaintiff Fund; and

d. Attorney's fees of 25% of the principal debt in accordance with the Trust Agreement of the Plaintiff Fund;

e. Such other and further relief as the Court deems equitable and just under the circumstances.

Date: 04/30/2019                    **S/TIMOTHY R. HOTT**
                                    TIMOTHY R. HOTT